[784 NYS2d 109]

In the Matter of MICHAEL ERIC HAMPDEN, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, September 20, 2004

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Diana J. Szochet* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition dated July 3, 2003, containing two charges of professional misconduct. After a hearing on September 17, 2003, at which the respondent appeared pro se, the Special Referee sustained both charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems appropriate under the circumstances. The respondent has neither submitted a response to the Grievance Committee's motion nor requested an extension of time in which to do so.

Charge One alleges that the respondent is guilty of neglecting a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]) and/or DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

On or about April 5, 2001, the respondent was retained to represent Marty Scott in connection with a criminal matter pending in Rochester, New York. The respondent entered appearances in Monroe County Court before Judge Joan S. Kohout in connection with his client's bail application and arraignment on April 6, 2001, and July 25, 2001, respectively. On the latter date, the following scheduling order was placed on the record: motions to be argued by September 24, 2001; all hearings to be conducted on November 9, 2001; and trial to begin on December 10, 2001. That scheduling order was reiterated by letter to the respondent from Judge Patricia D. Marks, dated August 7, 2001. There was no further communication from the respondent. On or about September 23, 2001, Judge Marks' law clerk left a message for the respondent concerning his failure to submit any motions for argument per the scheduling order. The respondent neither communicated with the court nor appeared on September 24, 2001. By letter dated September 25, 2001, sent via fax, the respondent was directed to appear before Judge Marks on September 26, 2001. He neither appeared on that date nor communicated with the court.

Charge Two alleges that the respondent failed to cooperate with the Grievance Committee, in violation of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]).

On July 2, 2001, the Grievance Committee forwarded to the respondent a copy of a complaint by Robin Macey, with a request that he submit an answer within 10 days. Although his time to answer was extended to August 15, 2001, the respondent failed to submit an answer. He also failed to respond to follow-up letters dated August 24, 2001, sent via certified and regular mail.

On November 7, 2001, the Grievance Committee sent the respondent a letter informing him that a sua sponte investigation had been commenced based upon his failure to cooperate with its investigation into the Macey complaint. The Grievance Committee requested the respondent's answer, as well as an explanation of his failure to cooperate, within 10 days. The respondent failed to comply. On November 7, 2001, the Grievance Committee forwarded to the respondent a copy of the complaint of Judge Patricia D. Marks and a request that he submit an answer within 10 days. The respondent failed to answer. The respondent also failed to respond to follow-up letters dated December 6, 2001, sent via certified and regular mail, directing him to respond to the Macey and Marks complaints. Between January 25, 2002, and January 28, 2002, the Grievance Committee staff left four telephone messages for the respondent concerning his failure to submit answers in the foregoing matters.

On January 29, 2002, the respondent telephoned the Grievance Committee and stated that his answers would be submitted within three days. The respondent's answers were finally received by fax on February 1, 2002.

Based on the respondent's admissions and the evidence adduced, the Special Referee properly sustained Charge One and Charge Two to the extent that it alleged violations of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]). The Grievance Committee's motion to confirm is granted to that extent.

In determining an appropriate measure of discipline to impose, the Grievance Committee points out that the respondent has a lengthy history of sanctions for conduct identical to that at issue in this proceeding. In April 1989 the Grievance Committee issued two letters of caution for the respondent's failure to communicate with a client, failure to timely reregister, and failing to timely cooperate with the Grievance Committee.

In November 1989 the Grievance Committee issued a letter of caution for the respondent's failure to timely cooperate. In December 1991 the Grievance Committee issued an admonition for failure to timely cooperate. In January 1992 the Grievance Committee issued a letter of caution for the respondent's failure to appear in court without permission of the tribunal to withdraw from the matter in question. In September 1993 the Grievance Committee issued an admonition for failing to timely cooperate. In March 1995 the Grievance Committee issued an admonition for the respondent's failure to reregister. In September 1997 the Grievance Committee issued an admonition for neglecting a litigated matter and unilaterally withdrawing without permission of the tribunal. In March 2000 the Grievance Committee issued a personally-delivered admonition for the respondent's failure to timely release a file and failure to timely cooperate with the Grievance Committee. In March 2001 the Florida bar issued a public reprimand to the respondent for willfully failing to comply with discovery demands in a litigated matter and/or willfully failing to comply with court orders and directives to appear.

Notwithstanding the respondent's testimony at the hearing that it was not his intent "to blow the Judge off," the favorable character evidence produced, his alleged abilities as a successful criminal defense attorney, and his valued service to the Guyanese community, the respondent's prolonged and repeated pattern of failing to cooperate with the disciplinary authorities warrants his suspension from practice for a period of two years.

PRUDENTI, P.J., RITTER, SMITH, H. MILLER and MASTRO, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted to the extent that Charge One and so much of Charge Two as alleged violations of Code of Professional Responsibility DR 1-102 (a) (5) and (7) (22 NYCRR 1200.3 [a] [5], [7]) are sustained and the motion is otherwise denied; and it is further,

Ordered that the respondent, Michael Eric Hampden, is suspended from the practice of law for a period of two years, commencing October 20, 2004, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of two years, upon furnishing satisfactory proof that during the said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this

opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (3) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Michael Eric Hampden, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Michael Eric Hampden, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).