[804 NYS2d 747]

In the Matter of MICHAEL E. HAMPDEN (Admitted as MICHAEL ERIC HAMPDEN), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, October 31, 2005

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Diana J. Szochet* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By opinion and order of this Court dated September 20, 2004 (11 AD3d 17 [2004]), the respondent was suspended from the practice of law for a period of two years commencing October 20, 2004, based on a prior disciplinary proceeding. By decision and order on application of this Court dated February 10, 2005, the Grievance Committee for the Second and Eleventh Judicial Districts was authorized to institute and prosecute a disciplinary proceeding against the respondent based upon alleged acts of professional misconduct, and the issues raised were referred to Joseph P. Clarke, as Special Referee, to hear and report.

The decision and order of this Court dated February 10, 2005, further directed that the petitioner serve a petition upon the respondent within 30 days after receipt of a copy of the decision and order on application, and that the respondent serve an answer upon the petitioner and the Special Referee within 20 days of service upon him of a copy of the petition.

On March 3, 2005, a copy of this Court's decision and order on application, along with a notice of petition and a petition dated March 1, 2005, were personally served upon the respondent. The petition contained three charges of professional misconduct predicated upon the respondent's failure to cooperate with a court order, his failure to properly maintain his attorney registration, and his failure to cooperate with the petitioner. The respondent did not serve an answer on the petitioner or the Special Referee. He did not respond in any way to the petition, nor did he seek an extension of time to answer.

On April 19, 2005, the respondent was personally served with a copy of the petitioner's notice of motion dated April 14, 2005, returnable on May 13, 2005, for leave to impose discipline against him based upon his failure to answer the petition. The respondent has not served any response to the motion, nor has he requested any extension of time to do so.

Accordingly, the petitioner's motion is granted, the charges in the petition are deemed admitted and, effective immediately, the respondent is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, upon his default in appearing.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and MASTRO, JJ., concur.

Ordered that the petitioner's motion to disbar the respondent, Michael E. Hampden, admitted as Michael Eric Hampden, upon his default in appearing, is granted; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Michael E. Hampden, admitted as Michael Eric Hampden, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Michael E. Hampden, admitted as Michael Eric Hampden, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Michael E. Hampden, admitted as Michael Eric Hampden, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Michael E. Hampden, admitted as Michael Eric Hampden, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).